IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| HECTOR G. HULEN,             )<br>         Plaintiff,          )<br>                              )<br>v.                            )<br>                              )<br>CAROLYN W. COLVIN,[1]        )<br>Acting Commissioner of the Social  )<br>Security Administration,       )<br>         Defendant.          ) | NO. EP-12-CV-178-RFC<br>(by consent) |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

On September 15, 2008, Plaintiff filed his applications for disability insurance benefits and supplemental security income due to impairments that became disabling on December 1, 2007. (R:100, 107) The application was denied initially and on reconsideration. (R:51, 61) Pursuant to

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review Plaintiff's application *de novo* on April 7, 2010, at which Plaintiff was represented by an attorney. (R:28-42) The ALJ issued a decision on September 21, 2010, denying benefits on the basis that Plaintiff could perform his past relevant work as a self-employed electronic repairman. (R:19-27) The Appeals Council ("AC") granted Plaintiff's request for review on December 13, 2011. (R:95) The AC issued a decision on March 16, 2012, finding that Plaintiff could no longer perform his past relevant work but also that Plaintiff was not disabled, based on his RFC in conjunction with the Medical Vocational Guidelines. (R:4-6)

On May 15, 2012, Plaintiff submitted his complaint along with a motion to proceed *in forma pauperis*. (Doc. 1)  The motion was granted and his complaint was filed. (Doc. 4)  The Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings on July 19, 2012.[2] (Docs. 15-16) On August 22, 2012, Plaintiff's brief was filed. (Doc. 21) On September 21, 2012, the Commissioner filed his brief in support of the decision to deny benefits. (Doc. 22) Plaintiff filed a reply brief on October 1, 2012. (Doc. 23)

## ISSUE

Plaintiff contends the AC failed to consider all of Plaintiff's impairments that were supported by the medical evidence of record. (Doc. 21:3)

---

[2] Both parties having filed notices of consent to proceed before a Magistrate Judge, this cause was reassigned to this Court on July 23, 2012, by order of District Court Judge Philip R. Martinez. (Docs. 3, 14, 19)

## DISCUSSION

**I.       Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**II.     Evaluation Process**

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment(s) that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment(s) listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment(s) prevents the claimant from performing past relevant work; and, 5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. An ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., what he can still do despite his limitations or impairments, before making a determination at steps four and five. 20 C.F.R. § 404.1545(a); Social Security Ruling ("SSR") 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

**III.   The AC's Decision**

The AC adopted the evidentiary facts set forth in the ALJ's decision and the ALJ's findings under steps 1, 2, and 3 of the sequential evaluation. (R:4)  Specifically, the AC agreed with the ALJ that Plaintiff has severe impairments of gunshot wound, absent right testicle, and bilateral plantar fascitis, none of which meet or medically equal a listed impairment, and that Plaintiff has a RFC to perform the full range of light work. (R:5)

The AC did not adopt the ALJ's findings or conclusions regarding whether Plaintiff is able to perform his past relevant work as an electronic repairman, which is classified as a medium exertional level position. (R:4-5)  The state agency found that Plaintiff could not return to his previous work, but that there are other jobs existing in significant numbers in the State of Texas and the national job markets at the light, unskilled level which Plaintiff could perform, e.g., stem mounter (DOT 725.684-018), dowel inspector (DOT 669.687-014), and pager (DOT 654.687-014). (R:5)  The AC also found that the grids, i.e., Rule 202.14, Table No. 2 of 20 C.F.R. Part 404, Subpart P, Appendix 2, directed a finding of not disabled for an individual such as Plaintiff, i.e., closely approaching advanced age, with a high school education, past relevant work of a semiskilled or skilled nature, and with a RFC to perform the full range of light work. (R:5)

**IV.   Analysis**

Plaintiff contends that the AC's decision is not supported by substantial evidence and results from legal error. (Doc. 21:2-3)  Plaintiff argues that the Commissioner failed to consider all of Plaintiff's impairments that were supported by the medical evidence of record, specifically that

neither the AC nor the ALJ considered the medically determinable nature, severity, or limiting effects of Plaintiff's "spinal problems"[3] reflected by the record.  (Doc. 21:3-4)

Plaintiff alleged upper and lower back, hip, and shoulder pain, problems sitting for long periods of time (he could sit for up to 30-45 minutes then had to stand for about 10 minutes before being able to sit again), arthritis pain, limitation of movement in his shoulders and back, reduced hand grip strength, and problems sleeping due to the pain. (Doc. 21:4, citing R:36-37, 120, 135-136, 140, 155, 158, 173, 177, 183)

Plaintiff states that the Commissioner's only mention of Plaintiff's "spinal impairments" is in the ALJ's decision when the ALJ referred to Plaintiff's testimony of arthritis in his back, legs, and hips.  (Doc. 21:4 n. 2, citing R:23)  It is true that the ALJ did not refer to or discuss Plaintiff's allegation of back pain or evidence of degenerative joint disease or arthritis at step two. (Doc. 23:1; R:21-22)  The ALJ did include as one of Plaintiff's severe impairments Plaintiff's gunshot wound, which Plaintiff had alleged was the cause of his lower back pain.  (R:21)  Even if that does not encompass all of his back problems, Plaintiff does not argue that any back impairment would have met or equaled a listed impairment at step three to find him disabled at that step, and the ALJ did address evidence of Plaintiff's back problems in assessing Plaintiff's RFC. (Docs. 21, 23; R:23-26)

---

[3] The Commissioner addresses other impairments alleged by Plaintiff as well.  (Doc. 22:4)  This Court construes Plaintiff's complaint to pertain specifically to Plaintiff's alleged back pain.  (Docs. 21,23).  The Commissioner argues that Plaintiff complained of elbow pain on only two occasions, was treated conservatively with medication and sought no additional treatment.  (Doc. 22:4, citing R:247, 500)  Likewise, neither Plaintiff's heel or hip pain were continuing issues, there is no objective evidence in the record to substantiate subjective complaints, and he did not report such complaints to Dr. Eleje during his consultative examination.  (Doc. 22:4, citing R:272-97, 346-442, 451-569, 561)  Finally, the Commissioner argues that with respect to Plaintiff's alleged neck pain, a computerized tomography of his neck in January 2006 was negative (R:546), an x-ray showed only some degenerative narrowing at C5-C6 and C6-C7 (R:270), Plaintiff did not complain of neck pain or hand weakness to Dr. Eleje, and there are no significant findings in the record regarding Plaintiff's neck.  (R:562) (Doc.22:4, citing R:272-97, 346-442, 451-569, 562).

Thus, any failure to determine whether the impairment was medically determinable or severe is harmless.

Further, although the ALJ mentioned Plaintiff's allegation of arthritis in one paragraph reciting Plaintiff's testimony (R:23), this was not the only mention of Plaintiff's alleged spinal impairments as Plaintiff contends. (Doc. 21:4 n. 2, 23:2) The ALJ considered Plaintiff's subjective complaints of back pain to medical professionals (R:23-24, 352, 561), objective medical evidence (R:23-25, 562-63), and any treatment received for his pain. (R:23-25, 352, 561-63) The ALJ considered Dr. Eleje's conclusion that findings indicate extremities with full range of motion and no evidence of active articular disease, and his impression of lumbosacral spondylosis without myelopathy. (R:24-25) The ALJ considered Dr. Eleje's finding that Plaintiff's alleged pain did not "correspond to findings on examination" showing that Plaintiff could walk 100 feet without the single point cane he used, had normal grip strength bilaterally, normal range of motion of his spine, normal muscle tone, no muscle atrophy, and no contractures. (R:24-25, 562-63) The ALJ considered the medical source statement from Dr. Eleje, outlining Plaintiff's functional capabilities based on medical history and his own medical examination. (R:25)

Although the AC did not discuss Plaintiff's alleged "back problems" explicitly, the AC adopted all of the ALJ's evidentiary facts and agreed with the ALJ's RFC assessment that Plaintiff could perform the full range of work at the light exertional level. (R:5, 23) Thus the AC likewise considered any limitations resulting from Plaintiff's alleged back impairments. Further, the AC considered the additional medical records and other evidence that Plaintiff submitted to the AC, but found that they were dated after the date of the ALJ's decision and did not support any greater functional limitation on or before the decisional date. (R:4, 7; *see* 20 C.F.R. §404.970(b) (the AC

must consider evidence presented for the first time to the AC if it is new, material, and related to the period on or before the ALJ's hearing decision); *see also Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (reaffirming the standard that for new evidence to be material there must be a reasonable possibility that the outcome would have been different had the evidence been before the ALJ))

Plaintiff argues that the following medical evidence supports his claim of disability, and that the Commissioner did not consider such evidence.[4]  (Doc. 21:4-6)  On July 25, 2001, arthritis is listed as a current diagnosis.  (R:521)  Plaintiff was seen by a medical practitioner that day on Plaintiffs's suspicion that Plaintiff had a hernia (*Id.*)  Nothing else in the record appears to be related to or to support such diagnosis.  (*Id.*)

On January 2, 2006, x-rays of Plaintiff's soft tissue of the cervical area appeared normal; some degenerative narrowing at the C5-C6 and C6-C7 intervertebral spaces was noted incidentally. (R:270)  At his appointment that day, Plaintiff had complained of a sore throat, white nodules, a fever, and a cough, and denied any muskuloskeletal issues including arthritis; impairments were listed as none, his motor skills were noted as strong, and he was able to ambulate without assistance. (R:229)

On July 15, 2007, Plaintiff's chest x-ray reflected degenerative joint disease of the spine. (R:267)  On December 24, 2007, Plaintiff was seen for complaints of elbow and shoulder pain; his

---

[4] Plaintiff also cites to the following evidence in the medical records dated after the ALJ's decision was entered. (*See* Doc. 21: 5-6)  On May 4, 2011, Plaintiff was assessed with thoracic spine disorder and cervical radiculopathy with myelopathy and radiculopathy to Plaintiff's left arm. (R:612, 613, 616)  That same record, however, reflects that examination revealed normal muscle strength, gait, extremities, joints, and deep tendon reflexes, and denial of joint pain, weakness, numbness, or dizziness. (R:612-13)  An MRI dated June 29, 2011, showed degenerative changes in the cervical spine, including spinal duct stenosis and signs of compression myelopathy  (R:576-577)  Based on Plaintiff's history, complaints, and the MRI findings, on July 18, 2011, Plaintiff was diagnosed with cervical spine stenosis with pain and weakness to his left arm. (R:581-82)

sensation and motor function was examined and found to be intact, but x-rays were ordered for his shoulder and elbow. (R:247-48)

On September 4, 2009, Plaintiff complained of lower back and shoulder pain during a follow up for his orchiectomy, he was told to follow up in six months, and it is noted on his record "no big reason for disability." (R:489-490) Examination revealed mild lower back pain. (R:489)

On February 17, 2010, Plaintiff was found to have discomfort with reduced range of motion in his left hip and was assessed to have heel pain, hip pain, decreased strength, and diverticulosis, for which additional studies were prescribed. (R:484) On March 22, 2010, during a follow up for lab results, Plaintiff complained of weakness and back pain. (R:482-83) A note on his record states that after examining Plaintiff, there was no reason to fill out a form for disability. (R:483)

Although the ALJ did not discuss the evidence above in his decision, the ALJ stated that his findings were made after a careful consideration of the entire record. (R:21) It is not necessary for an ALJ to summarize and discuss every piece of record evidence in his decision. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (Substantial evidence can support an ALJ's decision where the ALJ does not specifically discuss all of the evidence supporting the decision or all the evidence that was rejected). Neither the AC nor the ALJ committed legal error by failing to discuss the information above. Plaintiff is not entitled to relief on his legal error claim.

Further, while Plaintiff maintains that the evidence he cites supports a finding that his spinal problems resulted in greater limitations than were found by the AC and the ALJ, that is not a basis for remand. Even if the Court agreed with Plaintiff's assessment of the evidence cited, which it does not, this Court's standard of review requires upholding the Commissioner's decision if it is supported by substantial evidence, which can be less than a preponderance so long as it is more than

a scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Ripley*, 67 F.3d at 555. After reviewing the totality of the record evidence, this Court cannot find that the evidence, including that cited by Plaintiff, detracts from the weight of the evidence supporting the Commissioner's findings such that the ALJ's decision is unsupported by substantial evidence. *See Singletary*, 798 F.2d at 823. The AC's decision, adopting the ALJ's RFC assessment is thus likewise supported by substantial evidence. Plaintiff is not entitled to relief on his substantial evidence claim.

## **CONCLUSION**

For the reasons set forth above, the Court concludes that neither the AC's nor the ALJ's findings and decisions are the result of legal error and that both are supported by substantial evidence. The Commissioner's decision is, therefore, AFFIRMED.

**SIGNED** and **ENTERED** on September 6, 2013.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE